# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2011

Lyle W. Cayce
Clerk

No. 10-50622
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL SALINAS-SOTO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-582-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Manuel Salinas-Soto appeals the within guidelines sentence imposed following his guilty plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that his guidelines sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a) and is therefore unreasonable. Specifically, Salinas-Soto contends that his sentence is unreasonable because his sentence is the result of impermissible double counting, does not reflect that his current illegal reentry conviction is not a crime

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of violence and posed no danger to others, and does not reflect that he illegally reentered because he wanted to help his wife and children. Salinas-Soto also argues that this court should not afford his sentence a presumption of reasonableness because U.S.S.G. § 2L1.2 is not empirically based.

Salinas-Soto's challenge to the presumption of reasonableness is foreclosed. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir.), *cert. denied,* 130 S. Ct. 192 (2009). We have also rejected the argument that using a prior conviction to increase the offense level and in calculating criminal history is impermissible "double counting." *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).

Salinas-Soto's sentence was properly calculated, and he has not rebutted the presumption that the district court sentenced him to a reasonable within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006). The district court's judgment is AFFIRMED.